The next case today is United States v. Carlos Maldonado, Appeal Number 191525. Attorney Quinn Liban, you can proceed. Attorney Hossain, you could please mute your audio and video at this time. Thank you, Judge Lynch, and may it please the court if I might reserve one minute for rebuttal? Yes, you may have it. Thank you. The district court erred in three separate ways in declining to sentence the defendant as a career offender in this case. First, the district court failed to adhere to circuit precedent holding that the Massachusetts crime of assault, armed assault with intent to murder, qualifies categorically as a violent felony and by extension as a crime of violence as well. Second, the district court misapplied the categorical approach by looking beyond the statute of conviction to the divine, the theory under which the defendant was prosecuted. And third, the district court misread Massachusetts law in concluding that at the time of the defendant's conviction, joint venture liability under Massachusetts law did not require shared intent. If I might begin with that last point first, because this court's decision in Capelton, in our view, is dispositive of that issue. Like the defendant in this case, the defendant in Capelton argued that in the period from 1983, the SJC's decision in Bianco to 2009, the SJC's decision in Zanetti, Massachusetts joint venture liability did not require shared intent. This court disagreed in Capelton and held that both pre and post Zanetti, shared intent was required under Massachusetts joint venture law. So Capelton forecloses the rationale that the district court adopted in this case in declining to sentence the defendant as a career offender. Mr. Quinlivan, putting Capelton aside, the district court's reading of Massachusetts law as not having an intent requirement as to the substantive crime for a joint venture isn't an absurd reading. It's a plausible reading. You, in your appellate brief, make arguments that are based on later Supreme Judicial Court rulings putting Zanetti into context. But none of those cases were cited to the district judge. And if we thought there was some ambiguity and if we thought the government had blown its chance to make that argument about the post Zanetti cases being used to read Zanetti, then we're back to whether the district court's reading was unreasonable. Now let's put Capelton aside. You can't put district judges in this position of not making the arguments to them and then waiting and making new arguments that perhaps would have been persuasive to the district judge for the first time on appeal. So what's wrong with us applying that rule to the government? There's nothing wrong with applying that rule to the government, although I don't think it would be appropriate to do so in this case. And there are two reasons why I say that. First, in the context of the discussion at the sentencing hearing about whether or not in this post-Bianco, pre-Zanetti period, joint venture liability required shared intent. Five minutes remaining. Go ahead. Certainly the government argued specifically that even pre-Zanetti, there is this willingness or intent to assist that again. And then the government went on to argue that the district court should not even consider joint venture liability because under the categorical approach. So it may not have been, as we noted in our reply brief, the most fulsome of arguments. But the government did argue at the sentencing hearing that even in the pre-Zanetti period, Massachusetts law. You have nicely sidestepped my point, which is on appeal, you come up with post-Zanetti SJC decisions to help interpret Zanetti. Those are gone. So you do have an argument that the district court simply got Zanetti wrong based on the pre-Zanetti case law and the government's reading of the case. But suppose you're wrong about that. If you are wrong and if it was a reasonable reading, doesn't that end this matter? It doesn't, Your Honor. And let me answer your specific question and then explain why it doesn't end this matter. With respect to your specific question, accepting the premises of your question, which is to put Capleton aside and that the district court's reading was a reasonable one and the government didn't preserve the argument. Accepting those premises, I would agree that under the plain error standard that the second prong, that the error be clear or obvious, would not be established. I don't think the premise, though, is correct for the reasons I just stated. I think the government did preserve that argument. And indeed, there were multiple in our brief. It's not just post-Zanetti. There were multiple SJC decisions. No, no, no, no. Mr. Quinlivan, I'm sorry. But again, my question to you was, let's assume the district court gave what was at the time a sensible reading of Zanetti. And we certainly can't say there was clear error. Doesn't that end the case so that we don't have to get to the other issues? The other issues, in fact, are issues that are extremely risky to the government because they tend to apply to cases much greater in scope than this particular case. It doesn't, Judge Lynch, and for the two other reasons we've argued. First, this court held in Edwards that armed assault with the intent to murder qualifies categorically as a violent felony. The issue, the arguments in Edwards were not the arguments that are being made here. That's correct. But if I may make two points on that. First, joint venture liability under Massachusetts law does not create a separate offense. It does not dispose of the requirement that the elements of the substantive events be established. It only adds additional elements. So for purposes of the categorical approach, a person convicted under joint venture liability is treated the same as the person who committed the substantive offense. And for that reason, Edwards applies even if a defendant was convicted under a theory of joint venture liability. And secondly, the district court here erred by looking beyond the statute of conviction in applying the categorical approach. The district court looked to the appeals court of Massachusetts decision in divining that the defendant was convicted under a theory of joint venture liability. That, of course, is appropriate to do so in applying the modified categorical approach. But the district court did not make any determination that the statute here was divisible. In fact, I think that would be a breathtaking ruling and it would apply across the board to any, if not all, Massachusetts offenses. Mr. Quinlivan, we'll let you finish. But I also want to ask my two colleagues if they have any questions of you. Thank you, Your Honor. And just to complete that sentence, the district court erred in going beyond the statute of conviction in applying the categorical approach. OK, thank you. Do my colleagues have any questions? No. Thank you. I had thought you had a freestanding argument based on Lassonde that even if Massachusetts law were correctly interpreted by the judge, as long as. The requisite elements of the force clause were including intent to use were elements of the crime by the other venturer, that's enough. That's correct, Judge Kayada. And that it really goes hand in hand with our argument under Edwards, because the defendant's argument below was that as a joint venture, he wasn't the person that used attempted to use or threatened to use physical force. And what Lassonde makes clear is that the plain terms of the elements or force clause looks to whether the crime has an element, the use, attempted use or threatened use of physical force, not whether the defendant in particular was the one who used physical force. OK. Any further questions? No. Thank you. Attorney Quinlivan, if you could mute your audio and video at this time and Attorney Hossain, you can proceed. May it please the court, Samia Hossain for the appellee, Carlos Maldonado. I'd like to begin by noting that the district court's sentence was sensible in light of the record or the presentation that was made before it. And the government has forfeited its argument regarding the post-Bianco, pre-Zanetti cases. The district court relied specifically, this is at Joint Appendix 193. I beg your pardon. They have not abandoned their arguments about the pre-Zanetti cases. They have only not presented the arguments about the post-Zanetti cases. Or have I misunderstood? I believe you may have, Your Honor. The government didn't present any of the pre-Zanetti cases to the district court at sentencing. And those are the cases that it's relying on in this appeal. In arguing that even before Zanetti, there was a shared intent requirement for joint venture. Okay. I'm sorry to have interrupted you. Proceed. Oh, no problem. So, at Joint Appendix 193, footnote 2 of Mr. Maldonado's direct appeal, the court specifically noted that it said, I think the district court's reading was sensible that Zanetti changed the analysis. And the government did not make a sufficient showing at that time to be able to sustain its argument now. Stay with that waiver thought for a minute. I thought the government did argue below that Massachusetts law at the time of this conviction did not, did require the element of intent by this defender. The government argued sort of separately about this willingness to assist element. That did not preserve its argument regarding these pre-Zanetti cases, which were not presented to the district court. I thought, are you aware of any case law where we say, if you make a substantive argument about the state of the law and make it clearly, you've waived your ability to rely on any cases that you don't cite? I don't think the determination has to be specific to cases, but the argument was separate. The argument was with respect to willingness to assist somehow requiring shared intent. And here they're arguing that there was no realistic probability that shared intent was required based on case law. And I do think that's a separate argument. Their substantive argument has changed, not just cases that they cite. Exactly, Your Honor. With respect to the government's reliance on Edwards, I believe that that's misplaced because Edwards did not address joint venture in Massachusetts at the time of Mr. Maldonado's conviction. And the critical point is that Edwards determined that assault with intent to murder is a violent crime under the ACCA because of the specific intent to murder. And under the Bianco elements of joint venture, specific shared intent was not required. A person could be convicted based on knowledge of the principal's intent alone. Could you stay with that for a second? When you say it was not required, I'm not sure that's precise. Wasn't the jury required to find that one of the two joint venturers had the specific intent? How could I be guilty of a joint venture with Joe to commit assault with intent to murder unless Joe had an intent to murder? Your Honor, my understanding of Massachusetts law is that one can be charged as a solo joint venture, that there doesn't need to be a principal who's also charged and convicted. But doesn't there have to be another person who has the intent? Otherwise, how could I be in a joint venture with someone with that intent? I do think there needs to be a finding that there was some indication of an intent to murder and not necessarily specific to the defendant. And then doesn't that create a problem for you under LeSend? Your Honor, we believe that LeSend is not instructed in this case because it dealt with sort of the opposite scenario. LeSend dealt with the defendant who was the principal, and I believe there was an admission that he had the intent to forcibly steal. Five minutes remaining. Thank you. The question was whether he could be held liable for his accomplice's possession of a firearm. Here we have the opposite, which is that Mr. Maldonado was the joint venturer. And the question is where he did not share the intent of the principal. And that intent is the key piece of what makes the crime a crime of violence or a violent felony. Absent that piece, can he still be found to have committed a crime of violence? And I think the answer to that question has to be no. The government also discussed this divisibility question and stated that the court misapplied the categorical approach. I think the court would not need to go as far as the government suggests with respect to that question. We've suggested that the court could determine that either a joint venture was a manner and means of supplying the mens rea for assault with intent to murder or that the elements of joint venture are divisible from the offense of assault with intent to murder. Under either approach, the only types of cases that would be affected are where a person was either convicted of a crime like assault with intent to murder where that specific intent is what makes it a crime of violence or applying the modified categorical approach if the elements are divisible, there's a determination that the defendant was convicted as a joint venture. So it wouldn't apply to every single Massachusetts offense during this time period between Bianco and Zanetti. I'd also like to touch on Capleton. I'm sorry, but isn't the implication of that that we would say joint venture is clearly divisible from the underlying crime that he has jointly ventured to accomplish? Doesn't that extend far beyond this case? I don't see why you think that's a limiting principle. That theory is an expansionary theory. I do think it would expand beyond this case. I think our approach just limits from what the government has suggested, which seems to be that if the court were to affirm Mr. Maldonado's sentence, that every single Massachusetts offense would be affected. But I think our approach, in fact, would only call for situations where a defendant had been convicted specifically as a joint venture, which would be a subset of those cases. With respect to Capleton, that case is not directly applicable here because the court, the court's ruling was specific to the drug crime predicates that were at issue in that case. And that's made clear on pages 18 and 23 of the slip opinion where the court stated its holding was relevant to the drug crimes at issue here, possession with intent to distribute, and distribution of a controlled substance. And significantly in Capleton at page 20, the court stated that in Zanetti, the SJC was concerned that under the Bianco elements, quote, in cases where a lesser crime escalates into a more serious crime, end quote, juries could convict a joint venture without determining that he shared the intent of the principle in the more serious crime. And the footnote cited in Zanetti is that footnote 20. That's significant because the drug crimes at issue in Capleton didn't involve this issue of escalation, which is present in a crime like assault with intent to murder. So one can envision a scenario, for example, where a principal tells a joint venture, let's go get Joe. And the joint venture knows that the principal intends to assault Joe. But somewhere in the midst of that assault, the principal forms an intent to murder. Now, aren't you getting fact dependent on the facts of the given underlying crime, which we are forbidden to do under the categorical approach? My intent, Your Honor, is just to illustrate this escalation principle. I don't care. The premise is still that we have to look at the underlying crime. Your Honor, I don't think the underlying facts of the crime would need to be looked at. I think the principle would apply to any assault with intent to murder as opposed to a drug offense. OK, thank you. Are there any further questions? No. Thank you, counsel. Thank you, Your Honor. Attorney Hossain, if you could get your device at this time, and Attorney Quinlivan, if you could come back for one minute of rebuttal. Thank you, Your Honor. Just very briefly. This court held in Marino, which we cited in our reply brief, that the Massachusetts aiding and abetting statute does not create a separate offense, but rather makes those who aided and abetted in the commission of a crime punishable as principles. Edwards squarely holds that Massachusetts armed assault with intent to murder satisfies the force or elements clause. And the fact that the defendant was convicted under a joint venture theory doesn't alter that. In addition, the entire premise of the defendant's argument runs afoul of the categorical approach, because the district court should not have gone beyond the statute of conviction to divine that he had been convicted under a joint venture theory. Thank you. Thank you. That concludes the arguments in this case. Attorney Quinlivan and Attorney Hossain, you can disconnect from the meeting at this time.